SMITH, Judge,
concurring:
I agree that the unfair labor practice complaint against the College should be dismissed. I cannot agree that a labor union is necessarily, by its very nature, of a different class than other organizations which are permitted to rent College classrooms for meetings. I do not think it necessary to reach that question on this record.
CWA requested use of a classroom between one and four on a weekday afternoon for the purpose of meeting with and organizing College employees whose daily work began or ended during that period. The hearing officer’s recommended order included a factual finding that “meetings held during those times could have interfered with the program of the college.” That finding was approved by PERC, which nevertheless found that there was no rational basis for the College’s refusal to rent to CWA and that the College was motivated by anti-union bias.
In my view CWA as the charging party failed to demonstrate by evidence that it was of the same class as the local symphony organization, the churches, the boys’ club, the Caledonia Society, the Tampa Bay Hygiene Society and the other civic groups which were permitted to rent College facilities for various purposes. The evidence does not show when those groups held their meetings or that their meetings were intended to attract College employees. CWA’s meeting had no other purpose than to attract College employees. CWA did not demonstrate that its stated intention of attracting only off-duty employees could have been assured and made effective, and that the risk of interference with teaching and other College activities was insignificant br imaginary. That is reason alone, in my view, for the College to have treated CWA differently, and for us to vacate PERC’s order and remand the case for dismissal.